UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JP MORGAN CHASE BANK,<br><br>    Plaintiff,<br><br>    v.<br><br>ANA ALVAREZ,<br><br>    Defendant. | Case No. 23-cv-01478-WHO<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br>Re: Dkt. No. 6, 8 |

On April 17, 2023, Magistrate Judge Laurel Beeler issued a Report and Recommendation, recommending that: (1) this matter be reassigned to me to determine whether it should be related to another case, *JPMorgan Chase Bank, N.A. v. Alvarez*, No. 22-CV-06043-WHO (N.D. Cal. filed Oct. 13, 2022); and (2) that it be remanded to state court. Dkt. No. 8. The deadline for objections has passed and none were filed.

As an initial matter, the cases are related. The instant case is the same one that was removed to this court in October 2022, which I remanded in December for lack of subject matter jurisdiction. *See JPMorgan Chase Bank,* No. 22-CV-06043-WHO, Dkt. No. 14. The two cases therefore "concern substantially the same parties, property, transaction, or event" and it would be duplicative if the instant case proceeds before a different judge. *See* Civil L-R 3-12.

Having reviewed the record in this case, I agree with Judge Beeler's Report and Recommendation and adopt it in full. After I remanded the case in December, pro se defendant Ana Alvarez removed it again in March 2023, again asserting that federal question jurisdiction exists. Dkt. No. 1. Upon removal, the case was assigned to Judge Beeler and the plaintiff sought to remand. *See* Dkt. No. 6.

The same problems persist as before: The complaint alleges a state law cause of action

1  under unlawful detainer and the Protecting Tenants at Foreclosure Act of 2009, which Alvarez
2  cites as the basis for removal, provides a federal counterclaim or defense at most, meaning there is
3  no federal question jurisdiction.  *See* Dkt. No. 8 at 3:6-12; *see also JPMorgan Chase Bank,* No.
4  22-CV-06043-WHO, Dkt. No. 14 at 1:24-2:9.  Nor is there diversity jurisdiction, as the complaint
5  alleges less than $25,000 in damages.  *See* Dkt. No. 1-1 at 5.  Removal was again improper and
6  therefore remand is required.  *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it
7  appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

       I again ORDER that this matter be REMANDED to San Mateo County Superior Court.

**IT IS SO ORDERED.**

Dated: May 11, 2023



William H. Orrick
United States District Judge